BEN M. PACE et al., Individually and as Copartners Doing Business as BENMAR STEEL Co., Respondents, v. HARRY JACOBSON et al., Individually and as Copartners Doing Business as DEMSEY & ASSOCIATES, Appellants. (Action No. 1.) NATIONAL STEEL ENTERPRISES, INC., Appellant, v. BEN M. PACE et al., Individually and as Copartners Doing Business as BENMAR STEEL Co., Respondents. (Action No. 2.) — Defendants in Action No. 1 and plaintiff in Action No. 2 appeal from so much of an order as denies their motion to consolidate the two said actions. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ., concur.

ANTONINA PALERMO et al., Individually and as Copartners Doing Business as PALERMO & CANEPA, Respondents, v. DANIEL J. MOTTO, as President of Bakery & Confectionery Workers International Union of America, Local 350, Greater New York, A. F. of L., Appellant, et al., Defendants.— On an application for an injunction *pendente lite,* plaintiffs claimed that the object of the picketing was for the unlawful labor objective of compelling them, as employers, to recognize defendant union as the bargaining agent for plaintiffs' employees, even though none of their employees was a member of defendant union, and defendant union concededly was not the choice of plaintiffs' employees. In opposition, defendant union denied that the signing of a contract and recognizing the union as the bargaining agent of plaintiffs' employees was its present purpose, although the union admitted that that was its future aim. The union claimed that the present object of the picketing was to unionize plaintiffs' employees. Under plaintiffs' version, the picketing was unlawful and could be enjoined. (*Goodwins, Inc.,* v. *Hagedorn,* 303 N. Y. 300; *Building Service Union* v. *Gazzam,* 339 U. S. 532; *Metropolis Country Club* v. *Lewis,* 202 Misc. 624, affd. 280 App. Div. 816.) If defendant's version were true, picketing could not be enjoined. (*May's Furs & Ready-to-Wear* v. *Bauer,* 282 N. Y. 331; *Carl Ahlers, Inc.,* v. *Papa,* 65 N. Y. S. 2d 867, affd. 272 App. Div. 905.) Without making a finding as to this disputed issue, and without a hearing, Special Term granted an injunction *pendente lite,* and the union appeals. Order reversed, without costs, and matter remitted to Special Term for immediate hearing before the court or an Official Referee to determine the purpose of the picketing, whether lawful or unlawful, and whether all picketing should or should not be enjoined. The disputed issue as to the purpose of the picketing cannot be resolved on the conflicting affidavits before the court. Nolan, P. J., Adel, Wenzel, Beldock and Murphy, JJ., concur.