Maximilian Moss, J.
Plaintiff seeks a temporary injunction restraining defendants from picketing plaintiff’s promises. Plaintiff contends that there is no labor dispute between the parties within the meaning of section 876-a of the Civil Practice Act, also that the picketing is being conducted by defendants in a violent and unlawful manner. Defendant union categorically denies that it has been guilty of any unlawful activities in connection with its picketing and asserts that it is engaged in organizational activities directed towards improving and bettering the working conditions of plaintiff’s employees. Defendants also assert that plaintiff’s complaint charges defendants with an unfair labor practice in violation of section 8 (subd. [b], par. [4], cl. [O]) of the Taft-Hartley Act (U. S. Code, tit. 29, *797 § 158, subd [b], par. [4], cl. [C]) which defendants contend ousts State courts of jurisdiction under the recent decision of the United States Supreme Court in Garner v. Teamsters Union (346 U. S. 485). Complaint is also made by defendant union, among other things, that the contract entered into by plaintiff with the Department Store & Warehouse Employees Union Local 1499, chartered by. the Clerks International Association, A. F. of L., does not cover all plaintiff’s employees or the wages and working conditions of all plaintiff’s employees in that the fourth “ Whereas ” clause indicates that the agreement relates to “ all employees in classifications covered by this Agreement ’ ’ and no specific mention is made in the contract of classifications of employees usually found in a knit-goods factory, such as pressers, knitters, winders, cutters, menders and steamers. Only “ floor girls ”, 11 operators ” and “ loop-ers ” are specifically mentioned. Defendant union contends that since no provision is made in the contract for minimum wage scales for the usual classifications or crafts found in a knit-goods factory such crafts are not covered by the contract and that it is to these employees that the union is addressing its organizational activities. Plaintiff employer on the other hand asserts that the contract embraces these employees since it provides that the plaintiff recognize said Local 1499 as the sole collective bargaining agent for all of the employees.
The contentions of defendant raise triable issues of fact. In addition, the applicability of the various cases which have been brought to the attention of the court including but not limited to the Garner case (supra) cannot be determined until the facts are resolved. If the defendants’ statements and contentions are true the picketing should not be enjoined. Peaceful picketing under our law may properly be undertaken by defendants in a legitimate attempt to publicize to plaintiff’s employees the advantages which defendants claim the employees will derive from joining defendant’s union, or on the other hand, under plaintiff’s version, picketing could be enjoined. Under the decision of the learned Appellate Division, Second Department, in Palermo v. Motto (283 App. Div. 746) these disputed issues cannot be decided on conflicting affidavits but must be determined only after a hearing or trial. Plaintiff’s motion is, therefore, denied. Issue is to be joined promptly and the action will be set down at Special Term, Part III, for an early trial, subject to the approval of the Justice presiding. Settle order on notice with a date for trial agreed upon. If no agreement can be reached, an early date will be inserted by the court on the settlement of the order.