John E. Cone, J.
Plaintiffs move for an injunction pendente lite enjoining the defendants from picketing their place of business, from forcing, intimidating or requiring the plaintiffs to recognize the defendants as the collective bargaining agent of plaintiffs’ employees and from interfering directly or indirectly in their business.
Plaintiffs are engaged in the business of refinishing custom furniture and employ three workers. Defendant union consists of an approximate membership of more than 5,000 members *795 who are employed in the manufacture of furniture frames and allied products.
Plaintiffs allege that prior to February 14, 1957, on numerous occasions the defendant union demanded that plaintiffs enter into a collective bargaining contract with the defendants in behalf of plaintiffs’ employees and that unless plaintiffs did so their premises would be picketed, customers would be stopped from doing business with- them and that plaintiffs would be put out of business. It is further alleged that prior to February 6, 1957, another union, Local 710, petitioned the New York State Labor Relations Board for certification as the sole bargaining agent for plaintiffs’ employees and that on February 25, 1957, at an election conducted by the board, Local 710 was designated as the representative of the three employees. Plaintiffs then entered into a contract with Local 710, and since February 14, 1957, the defendants have picketed plaintiffs’ place of business, shouting to plaintiffs’ customers, and have resorted to intimidations and threats against plaintiffs’ employees and causing wholesale customers of the plaintiffs to cease dealing with the plaintiffs.
Defendants categorically and emphatically deny the plaintiffs’ allegations and further deny that the purpose of the picketing has been to compel plaintiffs to recognize the defendant union as the sole bargaining agent of the plaintiffs’ employees and that the picketing of plaintiffs’ place of business has been conducted in an orderly and peaceful manner for the purpose of organizing plaintiffs’ employees and enlisting them as members of the defendant union. In fact, defendants contend that they attempted to organize plaintiffs’ place of business as far back as November, 1956, and only through the subterfuge and promises by plaintiffs to have their employees join the defendant’s union did they call off their pickets on January 7, 1957, and did not restore them until February 13, 1957, when the defendants learned of Local 710 petitioning to the State Labor Relations Board for its certification, which the defendants claim was engineered and brought about by the plaintiffs while placating and holding off the defendants’ organizational campaign. It is conceded that the legend on the pickets’ sign read as follows: “To the Employees of Halpern & Sons: Improve and protect your wages and working conditions by joining the Furniture Workers Union, Local 76B, CIO. Enjoy the best conditions in the industry. Don’t delay, join today.”
Defendant union contends that the issues presented herein involve a labor dispute within the purview of section 876-a of the Civil Practice Act and that in consequence an injunction *796 may not be granted and, further, that the union has a constitutional right to picket peacefully in an effort to persuade plaintiffs’ employees to join its union.
It is true that the effect of section 876-a of the Civil Practice Act is to prevent courts from enjoining peaceful picketing and recognizes the right of unions to so picket for organizational purposes (Wood v. O’Grady, 307 N. Y. 532; May’s Furs & Ready-to-Wear v. Bauer, 282 N. Y. 331). It is also true that our courts, however, have enjoined picketing where there has been a finding that the object of such picketing was not to organize employees, but to exert economic pressure upon the employer so that the employer will coerce his employees into joining a particular union (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300).
If one were to adopt the plaintiffs’ version as to what transpired, the picketing was and is unlawful and could be enjoined. If, on the other hand, the defendants’ statements are true and the picketing has been peaceful and orderly and merely for organizational purposes, the picketing could not be enjoined. The disputed issues as to the purpose and nature of the picketing and as to the nature and effect of the activities complained of cannot be determined on the conflicting affidavits submitted (Palermo v. Motto, 283 App. Div. 746; Baylis v. Quinnonez, 286 App. Div. 1030). See, also, this court’s decision (James Knitting Mills v. Sinensky, N. Y. L. J., Sept. 4, 1956, p. 7, col. 7).
Under the circumstances, and in order to eliminate the necessity of having a preliminary hearing as to the issues raised herein and then a trial of the same disputed issues, plaintiffs’ motion for a temporary injunction is denied upon condition that the defendants serve their answer on or before April 4, 1957, and accept a note of issue for the trial of the action on April 11, 1957. The action is accordingly set down for trial on April 11, 1957, at Special Term, Part III, of this court, subject to the approval of the justice presiding at that time. If the defendants fail to comply with the aforesaid conditions, plaintiffs ’ motion is granted. Settle order on notice.