Cortland A. Johnson, J.
In this action to restrain the picketing of plaintiff’s place of business by defendant union, plaintiff seeks a temporary injunction.
The plaintiff owns a liquor store. He has three employees, one who has been employed for 23 years, one for 20 years and one for over 5 years. Defendant union has been trying for a period of two years to get them into the union. The employer has given free opportunity for the union’s efforts. The employees have not been convinced of the benefits of union membership. Defendant O’G-rady, the union president, deposes that “ We do not believe all is lost and Mr. O’Neil (one of the clerks) and/or any other employee may ultimately change his mind ’ ’. To help the employees to change their minds, the pickets have been placed near the establishment, to discourage customers from coming in, but chiefly to check deliveries of merchandise. This they have done.
There is, in the court’s opinion, no labor dispute involved in this transaction. A union intent upon compelling unwilling clerks to join it is trying to cause loss to them if they do not join and loss to the employer if he does not make them join. The action is that of a union against an employer and his employees for the purpose of unionizing a business against the desire of the help and the owner, or destroying it. High-sounding phrases may be framed to make this sound right. ‘ ‘ Labor dispute ” is not one of them. I think a more accurate description of what is going on is “unlawful coercion”; I think it is wrong, not right; and I believe the harm to plaintiff from its continuance may properly be described as irreparable. Accordingly, the motion for a temporary injunction will be granted. Bond, $1,000. Plaintiff will promptly notice the case which will be carried when noticed at the foot of May, 1958 issues.
Settle order on notice.