■ JAMES HOLDEN et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action pursuant to article 15 of the Real Property Law for the determination of the nature and extent of a right of way easement over the Catskill Aqueduct, the appeal is from a judgment entered after trial by the court without a jury, decreeing that the easement embraces " any use ordinarily appurtenant to a street ". Judgment reversed on the law and the facts, with costs, and complaint dismissed. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion the evidence adduced, including the stipulated facts, was insufficient to establish that respondents had any right to install pipes or cables beneath the surface of the land, subject to the right of way. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ JOSEPH HOMANN, Respondent, v. JOHN M. O'GRADY, Individually and as President of Wine & Liquor Store Employees Union, Local 122, AFL–CIO, et al., Appellants.— In an action to enjoin, *inter alia,* the picketing of a place of business, the appeal is from an order granting a motion for an injunction *pendente lite.* Order reversed, without costs, and matter remitted to the Special Term for a hearing as to whether the injunction should issue. The affidavit of the union organizer denied that he had ever demanded that respondent, the employer, sign a union contract. An issue of fact as to the existence of a labor dispute exists which cannot be determined without a hearing. (*Wood* v. *O'Grady,* 307 N. Y. 532; *Palermo* v. *Motto,* 283 App. Div. 746.) Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur; Wenzel, J., dissents and votes to affirm the order on the opinion of the court at Special Term. (11 Misc 2d 592.)