Joseph M. Conroy, J.
The three plaintiffs, an alleged partnership, purchased a frankfurter-hamburger stand in Long Island City known as “ Shortstop Lunch ” from Mrs. Despina Dellis on August 27,1959.
According to the plaintiffs Mrs. Dellis operated this business with the aid of two employees. When they purchased this business they decided that it could not support two families and at the same time employ outside help. Consequently they employed no help or fired anyone in connection with the operation of their business. They claim that they have no need in the foreseeable future for any help, the three of them being sufficient to operate the business.
On August 28,1959 the plaintiff Veoukas received a telephone call from the defendant Silverstein, the treasurer of Local 325 of the Cooks, Countermen, Soda Dispensers, Food Checkers, Cashiers & Assistants Union of Brooklyn & Queens, Local 325, AFL-CIO, requesting him to call at his office to sign a contract. The next night, the defendant Mrs. Tatakis, who identified herself as the business representative of the defendant union, telephoned and made an appointment to confer with the plaintiffs at their place of business on August 30, 1959. At that time she informed plaintiffs that the former owner of the business had employed two persons who were members of her union, and that although the former owner and the union had no contract, and none had ever been executed, nevertheless, since the two former employees were members of that union plaintiffs had no right to operate the business without employing them. Plaintiffs informed her that their establishment did not warrant and could not support outside help. Mrs. Tatakis, however, insisted that the two former employees be employed or the plaintiffs suffer the consequences. It is claimed that she appeared at plaintiffs’ place of business the next day and informed them that they not only must hire the two workers but that the two male plaintiffs must join the union.
*55 At 6:00 a.m., on September 1, 1959, two pickets commenced picketing plaintiffs ’ premises bearing signs reading:
PLEASE
DO NOT PATRONIZE SHORTSTOP LUNOH
Local 325
COOKS, COUNTERMEN
Soda Dispensers, Food Checkers, Cashiers & Assistants Union of Brooklyn & Queens
LOCKED OUT
In addition plaintiffs claim that the pickets shouted at customers and to the public in general:
‘ ‘ Pass ’em by
“ Don’t stop here
“ Don’t patronise this stand ”
and that the pickets physically blocked persons from entering the premises; that police were called by one of the customers who warned the pickets not to block the entrance and not to attempt physically to prevent anyone from entering the premises.
On September 9, 1959 plaintiffs commenced the instant action to enjoin the defendants from picketing, creating a false impréssion that a labor dispute existed and for other relief. At the same time, plaintiffs moved for a temporary injunction embodying the relief prayed for in the complaint. By cross motion the defendants moved to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action in that it fails to comply with the requirements of section 876-a of the Civil Practice Act.
According to the opposing affidavits the seller of the business had employed four persons, who on or about July 24, 1959, mailed application cards to join the defendant union. One of these persons was laid off almost immediately, another has not been accounted for, but two remained up to the date when the business was sold to the plaintiffs. These two were discharged late in the afternoon of August 27, 1959.
It is claimed that one of the plaintiffs told one of these workers, when looking over the place of business about a week prior to August 27, that if he purchased the business that employee would have to stop wearing the “325 ” button as he *56 did not want that local to represent any employee; that the union could not do anything for him because the former owner had not signed the contract and that if such employee did not change his mind, he would be fired if the business was acquired by plaintiffs. The other worker claims that he spoke to the plaintiff Veoukas in the evening of his discharge and was told that he was not needed. Plaintiff Veoukas telephoned him two days later to call at the place of business and when he did so, he was told by the two male plaintiffs that they would put him back on the job but “ you got to forget about the Union that he would have to send a letter to Local 325 stating that he did not want to become a member and that he did not want it to speak for him.
Whether the plaintiffs intended and would have continued the employment of the two employees of the former owner except for the fact that they were members of the defendant local and plaintiffs wished to avoid the unionization of their employees, and whether they intend to fill the places of both or of either of them at a later date are disputed issues upon which the determination of this motion and action turns for injunctive relief. Under these circumstances an injunction may not be granted without a hearing. (Palermo v. Motto, 283 App. Div. 746.)
Accordingly, the motion for a temporary injunction is denied as is also the cross motion to dismiss the complaint. The cause is directed to be placed upon the calendar for trial on October 5, 1959, subject to the approval of the Justice presiding. Submit orders.