Jacob J. Schwabtzwald, J.
This is a motion for a temporary injunction to compel the defendants and others affiliated with District 65, Eetail, Wholesale and Department Store Workers Union, AFL-CIO to cease picketing plaintiff’s premises. Defendants cross-move to dismiss the complaint for legal insufficiency on the ground that it fails to comply with the provisions of section 876-a of the Civil Practice Act in that a labor dispute is involved.
Plaintiff operates a business engaged in the manufacture of wrought iron furniture at 2715 West 15th Street, Brooklyn, New York, and on May 15, 1957 entered into a collective bargaining agreement for a period of three years with the Allied Trades Local 18-National Industrial Union Council, a labor organization which is not a party to this proceeding and which agreement covers wages, hours, working conditions and other terms of employment.
Plaintiff alleges that in August, 1957 the defendants demanded that plaintiff tear up the contract it had with Local 18 and that a new contract be signed with it. This the plaintiff refused to do and plaintiff alleges that as a result, and since September 4, 1957 the defendants have persuaded, coerced and intimidated about 17 of plaintiff’s employees to go out on strike and to picket plaintiff’s premises. Plaintiff alleges further that the defendants have picketed in large groups barring ingress to and egress from plaintiff’s place of business, have committed some violent acts which have intimidated plaintiff’s employees and have stopped deliveries of merchandise to plaintiff’s place of business. Plaintiff also alleges that the placards carried by the pickets and the statements made by them that a “ strike ” is in progress is an attempt on the part of the defendants to mislead the public to believe that a bona fide labor dispute is involved, whereas it is merely a struggle between two rival unions for *540 the privilege of representing plaintiff’s employees. Plaintiff also asserts that the damage resulting from the defendants’ acts of picketing, intimidation and coercion are incalculable and irreparable.
It is defendants’ contention that Local 18 corruptly and col-lusively signed a ‘ ‘ sweetheart ’ ’ contract with the plaintiff simply as an “ insurance policy ” in an attempt to protect and defend the plaintiff against honest trade unionism and in an attempt by plaintiff to subjugate and exploit its employees. Defendants also allege that the overwhelming majority of plaintiff’s employees have joined up with the defendant District 65 and have gone out on strike. These allegations are categorically denied by the plaintiff.
The facts in this case are almost identical with those presented to the court in Metzger Co. v. Fay (N. Y. L. J., Sept. 9, 1957, p. 6, col. 3 [Hecht, J.], affd. by the Appellate Division, First Dept., 4 A D 2d 436), and there the court enjoined picketing by a union which asserted that a collective bargaining agreement between the employer and another union had been collusively made and was a “ sweetheart ” contract. The court held that there is a presumption of validity and legality which attaches to a collective bargaining agreement and that the controverted assertions in the defendants’ affidavits which sought to destroy the foundation for that presumption could not be effectively evaluated upon affidavits prior to a trial of the action. The same is true here. Pertinently, in that case, the Appellate Division observed (p. 439):
‘ ‘ In the meantime plaintiff finds itself in an anomalous position. Local 229, with which plaintiff is in contractual relationship, is charged with being dominated by unsavory elements who do not have the best interests of the employees at heart; and the employees are picketing to demand a clean-up of the union. Perched between Scylla and Charybdis, the employer, if it accedes to the demands of the pickets and summarily repudiates the contract with Local 229, will be met with picketing ordered by that Local; while if it continues to abide by the agreement, until some court or board relieves it of the obligation, it must suffer the consequence of the picketing which has been temporarily enjoined by the court below.
“ Of course, if plaintiff ultimately is shown to have fostered a collusive ‘ sweetheart contract ’ with Local 229, its complaints about any predicament will be unavailing. All we decide now is that on the present state of the record there is insufficient to establish the alleged collusive arrangement and to overcome the presumption of validity that attaches to the agreement. We *541 interpose our mandate merely to maintain the status quo until a final determination of the issues.
“ There is a discretionary power in the courts to enjoin a threatened wrong where, as here, ultimate relief would be completely ineffectual if plaintiff’s business is destroyed while the cause awaits trial. In balancing the equities, it is clear that the irreparable harm which plaintiff will suffer is not commensurate with the inconvenience to defendants which a temporary restraining order will cause. ’ ’
Accordingly, as pointed out above, the Appellate Division, First Department, continued the temporary injunction directed by Special Term. Similarly, in the case at bar, all that the court decides now is that the affidavits submitted by the defendants are insufficient to establish the alleged collusive arrangement with Local 18 and to overcome the presumption of validity which attaches to the agreement. Plaintiff’s motion for a temporary injunction is accordingly granted.
Since counsel for both sides have consented to go to trial immediately before a Special Referee so that the issues can be speedily determined, this case will be set down for trial before such Referee on September 30, 1957. In the meantime the defendants are directed to serve their answer by Friday, September 28, 1957. In the event the parties refuse to execute a written consent on September 30, 1957 to try this ease before the Special Referee, the action will be set down for trial in Special Term, Part III, subject to the approval of the Justice presiding there at that time.
Submit order.