## (November 18, 1957)

■ WINIFRED GROSKRITZ, as Administratrix of the Estate of LELAND GROSKRITZ, Deceased, Respondent, v. IRA S. BUSHEY & SONS, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante,* p. 782.]

■ In the Matter of the Intermediate Accounting of MINNIE SCHWAN, as Administratrix of the Estate of MINNA M. HIPP, Deceased, Respondent. HATTIE PHILLIPSON, Appellant; JOHN C. TOAZ, as Special Guardian of ANNA H. JACK, Respondent.— Motion referred to the court that rendered the decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [See *ante,* p. 876, *post,* p. 964.]

■ ELIZABETH KEGEL, as Administratrix of the Estate of WALTER KEGEL, Respondent, v. IRA S. BUSHEY & SONS, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante,* p. 785.]

■ JOHN J. LAFF, Appellant, v. ELLEN LAFF, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante,* p. 874.]

■ DORIS J. MILLER, Respondent, v. HAROLD G. MILLER, Appellant.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ. [See *ante,* p. 881.]

■ GAETANO T. CAPPIELLO, Appellant, v. OLIVE CAPPIELLO, Respondent.— In an action by a husband for separation, in which his wife counterclaimed for separation, the appeal is from a judgment entered after trial before an Official Referee dismissing the complaint, awarding a separation to respondent on her counterclaim, granting custody of the child to respondent with rights of visitation to appellant and awarding counsel fees and alimony for the support of respondent and the infant child. The issues of alimony and counsel fee had been referred to the trial court. Judgment modified on the facts by striking from the fourth decretal paragraph " each Sunday " and by substituting therefor " each alternate Sunday " and by adding after " 5 P.M." the following " and, on each alternate week end, by taking the child with him from 10 A. M. on Saturday to 7 P. M. on Sunday". As so modified, judgment unanimously affirmed, without costs. The following new finding is made: " Twenty-first: That plaintiff has accommodations for taking care of Patrice Cappiello, the infant child of the marriage, on week ends." In our opinion the right of visitation should be enlarged as indicated since appellant has shown that he has accommodations for taking care of the child on week ends. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ GENERAL IRON CORPORATION, Respondent, v. DAVID LIVINGSTON, Individually and as President of District 65, Retail, Wholesale and Department Store Workers Union, AFL–CIO, Appellants.— Appeal from an order granting respondent's motion to restrain the picketing of its premises *pendente lite* and denying appellants' cross motion to dismiss the complaint for insufficiency. Order affirmed, with $10 costs and disbursements. (*Metzger Co.* v. *Fay,* 4 A D 2d 436.) *Palermo* v. *Motto* (283 App. Div. 746), relied on by appellants, is readily distinguishable on its facts. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur. [8 Misc 2d 538.]