Charles J. Beckinella, J.
In an action to enjoin the defendants from picketing plaintiff’s place of business, the defendants move for a discovery and inspection of certain records of the plaintiff for the purpose of determining whether or not the plaintiff is engaged in interstate commerce within the meaning of the Taft-Uartley Act. Defendants assert that if the plaintiffs are so engaged this court would have no jurisdiction of the action since the Taft-IIartley Act has pre-empted the field of labor relations and accordingly the defendants’ affirmative defense to that effect would necessarily defeat plaintiff’s cause of action.
Plaintiff, which is engaged in the manufacture and sale of television tables, predicates its cause of action on the basis that it has a collective bargaining agreement with the Production Workers Union Local 48, covering wages and conditions of employment, but despite thereof defendants are picketing plaintiff’s place of business because of plaintiff’s refusal to enter into a similar agreement with the defendants; that 'there is no bona fide labor dispute but merely a struggle between two rival unions for the privilege of representing plaintiff’s employees.
In addition to defendants’ affirmative defense of lack of jurisdiction of this court, the defendants assert that a bona fide labor dispute exists, claiming that the contract entered into between the plaintiff and the Production Workers Union is a sweetheart ’ ’ contract and that it was entered into only for the purpose of continuing plaintiff’s exploitation of its employees.
This court may take jurisdiction “to enjoin picketing under circumstances where its Legislature or courts have adopted a public policy directed against picketing for unlawful objectives. The decision in Teamsters Union v. Vogt, Inc. (354 U. S. 284) makes this indisputably clear. In effectuating its own public policy, the courts do not intrench upon the pre-empted field of *789 labor relations provided for in the Taft-Hartley Act.” (Metzger Co. v. Fay, 4 A D 2d 486, 489-440.) To the same effect see General Iron Corp. v. Livingston (8 Misc 2d 538, affd. 4 A D 2d 959); Atlantic-Pacific Mfg. Corp. v. Quinnonez (10 Misc 2d 1019).
The picketing of a business which has a valid union contract can only have as its object the breach of such contract. To force the breach of a valid contract is an unlawful objective. Thus, if what plaintiff alleges is established, the fact that the plaintiff is engaged in interstate commerce would not be in aid of a valid, affirmative defense. Accordingly, a discovery and inspection is unnecessary and the motion is denied.
Settle order on notice.