■ SPARTAN COAT, APRON, TOWEL AND LINEN SUPPLY CO., INC., Appellant, v. LOUIS SIMON, Individually and as Secretary-Treasurer of the Amalgamated Laundry Workers Joint Board, Amalgamated Clothing Workers of America, Respondent.— In an action to restrain picketing and boycotting, the appeal is from so much of an order as denied appellant's motion for a temporary injunction and as granted respondent's motion to dismiss the complaint on the ground that the court has no jurisdiction of the subject matter of the action. Appellant is engaged in interstated commerce in the operation of a laundry linen service. For about 16 years it had contracts with respondent, a labor union, the last of which contracts expired December 1, 1957. Appellant refused to renew the contract. Respondent called a strike, commenced the picketing of appellant's premises and secondary picketing and boycotting of the premises of appellant's customers. After appellant had signed a contract with another union, which claimed to represent appellant's employees, this action was instituted. The complaint was dismissed on the ground that the acts charged by appellant are either protected or prohibited by the National Labor Relations Act (U. S. Code, tit. 29, § 151 et seq., as amd.) and that the matter is, therefore, within the exclusive jurisdiction of the National Labor Relations Board, and the State courts are without power to act. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., dissents and votes to reverse the order insofar as appealed from and to grant appellant's motion and to deny respondent's motion, with the following memorandum: When a union engages in picketing for the purpose of obtaining a collective bargaining agreement while the employer is under contract with another union, the picketing has an unlawful objective and should be enjoined (General Iron Corp. v. Livingston, 8 Misc 2d 538, affd. 4 A D 2d 959; Metzger Co. v. Fay, 4 A D 2d 436, motion for leave to appeal denied, 4 A D 2d 861). In the Metzger case, cited by this court with approval in General Iron Corp. v. Livingston (supra), it was said (p. 439–440): "Appellants challenge the jurisdiction of the court to enjoin the picketing on the ground that the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, § 141 et seq.) has preempted the field of labor relations affecting interstate commerce. In view of the existence of a collective agreement, presumptively valid, we have held that on the present state of the record we are not prepared to rule that the picketing here has a lawful objective, and accordingly are permitting the injunction pendente lite to stand. There can no longer be any doubt about the power of a State court to enjoin picketing under circumstances where its Legislature or courts have adopted a public policy directed against picketing for unlawful objectives. The decision in Teamsters Union v. Vogt, Inc. (354 U. S. 284) makes this indisputably clear. In effectuating its own public policy, the courts do not intrench upon the pre-empted field of labor relations provided for in the Taft-Hartley Act." [11 Misc 2d 271.]