Mark A. Costantino, J.
Plaintiff moves for an injunction pendente lite restraining the defendants from picketing the plaintiff’s premises and the defendants make a cross motion to dismiss the complaint upon the grounds first, that it is legally insufficient and, second, that proper service was not effected upon the defendant union.
Plaintiff, which is engaged principally in the business of ship repair and conversions of vessels for the United States Government, employs union labor under a collective bargaining agreement with International Longshoremen’s Association, Independent, and its affiliated locals (I. L. A.), which covers, among other things, painting work. Plaintiff holds a master contract for the repair and alteration of vessels with the Department of the Navy, Military Sea Transportation Service. On July 17, 1959 plaintiff was assigned the job of general overhaul, maintenance and repair of the vessel “ USNS General Bruckner.” This vessel is a transport and plaintiff is advised that the vessel is scheduled to leave the Port of New York with army personnel and their families on August 10, 1959. It was necessary, therefore, that the vessel be completed not later than August 7, 1959. In order to complete the vessel in time plaintiff is obliged to operate on an around-the-clock schedule.
Plaintiff is presently employing painters who are members of the I. L. A.
At 7:50 a.m. on July 23, 1959, when plaintiff was engaged in the performance of work on the “USNS General Bruckner ” defendant union (Brotherhood of Painters, Decorators and Paperhangers of America, Local 679, AFL-CIO) caused to be established in front of plaintiff’s premises two pickets who patrolled the premises carrying signs with the legend:
“PAINTING ON USS BBUCKNEB IS NOT BEING DONE BY MEMBEBS OF AMEBICAN PAINTEBS UNION LOCAL 679 AFL-CIO ”.
As a consequence employees who were reporting to work at 8:00 a.m:. and thereafter, refused to cross the picket line. Employees already on the vessel either refused to continue to work or were unable to work because of the absence of the other crafts. As a result all work on the vessel has ceased and *464 plaintiff is threatened with the loss of other work for the Government.
It is also important to note that plaintiff does not employ any members of the defendant union.
Concededly, the picketing is peaceful and not accompanied by any threats of violence, etc. The defendant union urges that the picketing serves a lawful labor objective and predicates its right to do so on the general principle that the issue of free speech is involved in this case. It is asserted by defendant union that the purpose of the picketing is to inform the public that the painters now on the job are working for a rate of pay which is lower than that scheduled by the defendant union. Such contention is not supported by the record before us. There is no mention in the picket sign that any such purpose is intended to be conveyed. On the contrary, the natural and only implication which may be gained from the picket sign is that the work being done on the U. S. S. Bruckner is by nonunion or scab labor. This the court feels is less than telling the whole truth and may be construed as having a purpose not entirely lacking of fraud. As was said in Planet Wood Prods. Corp. v. Doe (13 Misc 2d 787, 789): “ The picketing of a business which has a valid union contract can only have as its object the breach of such contract. To force the breach of a valid contract is an unlawful objective. Thus, if what plaintiff alleges is established, the fact that plaintiff is engaged in interstate commerce would not be in aid of a valid, affirmative defense.” The court here is thoroughly convinced that the picketing is for an unlawful purpose and under the circumstances the motion for an injunction pendente lite is granted.
The jurisdictional challenge of improper service is met by the fact that the defendants’ cross motion attacking the legal sufficiency of the complaint constitutes a general appearance. (Civ. Prac. Act, § 237.)
The claim that the complaint is fatally defective for the reason that it fails to plead that the union’s membership authorized or ratified the illegal acts complained of is without merit. Paragraphs Seventh (a) and Tenth allege that the defendant union caused to be established at the premises of the plaintiff and in the vicinity, etc., a picket line. Giving the benefit of every intendment as we must on a motion for dismissal of any pleading, the court finds that sufficient has been alleged to comply with the requirements set forth by the defendant. Therefore the cross motion of the defendant to dismiss the complaint is denied.
Settle order on notice.