■ MARY LABATE, Appellant, v. SALVATORE LABATE, Respondent.— Appeal (1) from so much of an order entered October 21, 1959 as denied appellant's motion to modify a judgment of separation so as to increase the amount for the support of the child of the parties, and for a counsel fee for such application, and (2) from an order entered December 4, 1959 denying her motion for appeal expenses and a counsel fee. Order entered October 21, 1959, insofar as appealed from, and order entered December 4, 1959 affirmed, without costs. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ MONTI MARINE CORP., Respondent, v. CHARLES ANDERSON, as President of Brotherhood of Painters, Decorators and Paperhangers of America, Local 679, AFL-CIO, et al., Appellants.— Appeal from an order granting respondent's motion to restrain picketing of its premises *pendente lite* and denying appellants' cross motion to dismiss the complaint for insufficiency. Order reversed, without costs, respondent's motion denied, appellants' cross motion granted, and complaint dismissed, without costs. The complaint and the affidavit in support of the motion allege, in substance, that the local union, for the purpose of compelling recognition, has picketed respondent's premises although respondent has a collective bargaining agreement with another union. In our opinion, the complaint is not insufficient as a matter of law, at least insofar as it seeks injunctive relief, by reason of its failure to allege that the members of the local union authorized or ratified the acts complained of (cf. *Madden* v. *Atkins,* 4 N Y 2d 283; *Atlantic-Pacific Mfg. Corp.* v. *Quinnonez,* 10 Misc 2d 1019, affd. 6 A D 2d 803) and the Special Term, at the time the order was made, had jurisdiction in the exercise of a sound discretion to grant the temporary injunction (*Pleasant Val. Packing Co.* v. *Talarico,* 5 N Y 2d 40; *Metzger Co.* v. *Fay,* 4 A D 2d 436; *General Iron Corp.* v. *Livingston,* 4 A D 2d 959; *Rayex Corp.* v. *Sanchez,* 6 A D 2d 904) and such discretion was not improperly exercised. Nevertheless, the complaint must be dismissed as the court is now without jurisdiction to act by reason of the amendment of the National Labor Relations Act (U. S. Code, tit. 29, § 141 *et seq.*) by subdivision (c) of section 704 of the Labor-Management Reporting and Disclosure Act of 1959 (P. L. 86–257), which became effective November 13, 1959, subsequent to the making of the order appealed from. Deciding this appeal, as we must, on the basis of the law as it exists today (*Strauss* v. *University of State of N. Y.,* 2 N Y 2d 464, 467), we are of the opinion that the matter is now within the exclusive jurisdiction of the National Labor Relations Board, as the controversy arguably involves an unfair labor practice within the purview of section 8 (subd. [b], par. [7]) of the National Labor Relations Act, which was added to that act by the above-mentioned subdivision (c) of section 704 of the Labor-Management Reporting and Disclosure Act of 1959. (Cf. *San Diego Unions* v. *Garmon,* 359 U. S. 236, 244–245; *Pleasant Val. Packing Co.* v. *Talarico,* 5 N Y 2d 40, 45, *supra*; *Spartan Coat, Apron, Towel & Linen Supply Co.* v. *Simon,* 6 N Y 2d 829.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur. [20 Misc 2d 462.]